In the Matter of JEROME D. BROWNSTEIN (Admitted as JEROME DONALD BROWNSTEIN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 12, 1993

APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Maryann Yanarella* of counsel), for petitioner.

*Jerome D. Brownstein,* Brooklyn, respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with six allegations of professional misconduct. The Special Referee sustained Charges One, Two and Four and did not sustain Charges Three, Five or Six. The petitioner moves to confirm in part and to disaffirm in part the report of the Special Referee. The respondent cross-moves to confirm in part and to disaffirm in part the report of the Special Referee.

The six charges of misconduct emanate from the respondent's involvement in a legal services organization. Charge One alleges that respondent engaged in an impermissible conflict of interest and in conduct adversely reflecting on his fitness to practice law by accepting employment when his exercise of professional judgment might be affected by his own financial or business interests, without the full disclosure and consent of his clients. On or about November 3, 1989, respondent filed papers with the Secretary of State to incorporate "Legal Access Services Corp." (hereinafter Legal Access) to provide legal services to participants in a prepaid legal services plan. At that time, respondent was a 50% shareholder of Legal Access, one of its two directors, its attorney, *and* the attorney retained by Legal Access to provide services to participants. The respondent did not inform any of the participants of his financial interest in Legal Access or that he was Legal Access's attorney.

Charge Two alleges that the respondent was employed or paid by a legal services organization which he initiated to provide financial or other benefit to himself, in violation of Code of Professional Responsibility DR 2-103 (D) (4) (a) (22 NYCRR 1200.8 [d] [4] [i]). The respondent was the only attorney providing legal services for clients of Legal Access.

Charge Four alleges that the respondent has been guilty of being employed or paid by a legal services organization which does not entitle beneficiaries to select counsel other than· that furnished by the organization, and does not provide any procedures for a beneficiary who asserts a claim that represen-

tation by counsel furnished was unethical, improper or inadequate, in violation of Code of Professional Responsibility DR 2-103 (D) (4) (d) (22 NYCRR 1200.8 [d] [4] [iv] [formerly DR 2-103 (D) (4) (e)]). At the time of incorporation, and for at least six months thereafter, "Legal Access" had no procedure whereby participants could select counsel other than the respondent, or could assert a claim that representation by the respondent was unethical, improper, or inadequate under the circumstances.

After a review of the evidence adduced, we find the Special Referee properly sustained Charges One, Two and Four. We also find that the Special Referee correctly declined to sustain Charges Three, Five and Six. Accordingly, the petitioner's motion to confirm in part and to disaffirm in part is granted to the extent that it seeks to confirm the Special Referee's findings with respect to Charges One, Two, Three, and Four and is otherwise denied. The respondent's cross motion is granted to the extent that it seeks to confirm the Special Referee's findings with respect to Charges Three, Five, Six, and is otherwise denied.

In determining an appropriate measure of discipline, we have considered that the respondent was only associated with "Legal Access Services Corp." from the fall of 1989 to in or about May of 1990. There were no complaints from the few clients who retained "Legal Access", and there is no evidence that the respondent gained financially from the endeavor. The respondent has been admitted to the practice of law for 37 years and has no history of prior discipline.

It is the decision of this Court that the respondent be censured for his misconduct.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and RITTER, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part is granted to the extent that it seeks to confirm the Special Referee's findings as to Charges One, Two, Three and Four and is otherwise denied; and it is further,

Ordered that the respondent's motion to confirm in part and disaffirm in part is granted to the extent that it seeks to confirm the Special Referee's findings as to Charges Three, Five and Six and is otherwise denied; and it is further,

Ordered that the respondent, Jerome D. Brownstein, is hereby censured for his professional misconduct.